HART M. SHIFF *v.* THE UNION INSURANCE COMPANY.

APPEAL from the Commercial Court of New Orleans, *Watts*, J.

*T. Slidell*, for the plaintiff.

*Hoffman*, for the appellants.

MARTIN, J. This case is of exactly the same nature as that brought by Cucullu and others against the same defendants, just decided. The plaintiff summoned the Atchafalaya Rail Road and Banking Company as garnishees, with the view of obtaining judgment against them for the amount which he had recovered against the defendants; and the Bank is appellant from a judgment sustaining his claim.

In their answers to the interrogatories, the Bank denied its indebtedness to the defendants, admitted its ownership of part of the stock of the Company, and averred that it had paid all the instalments called for by the Board of Directors of the Insurance Company. On this the plaintiff took a rule on the Bank, to show cause why judgment should not be given against it for the amount of the judgment, interest, and costs, recovered from the defendants. On the trial of the rule, the plaintiff introduced in evidence his judgment against the defendants, their charter, and the admission made by the Bank in the preceding case, to wit, that the Bank was a subscriber to the stock of the Insurance Company for one thousand shares, and had paid only $5 per share, and that there are other subscribers to the stock to an equal amount, who are in the same situation, *i. e.*, have paid only $5 per share. The counsel for the Bank has urged, in this court, that the answer to the interrogatories denies all indebtedness, that no issue was taken thereon, and that judgment is asked on the showing of

answers which present no issue. The *fi. fa.* against the defendants was issued on the 22d of November, 1841, and proceedings against the garnishees were instituted on the same day. The *fi. fa.* was returned on the second Monday of January, 1842. On the merits, the case has been submitted to us on the points made in the preceding case.

The plaintiff might certainly have taken issue on the answers of the Bank, and have proceeded thereon. Instead of this he took a rule, on which the parties went to trial. On this trial the Bank might have availed itself of its answers to the interrogatories. This was not done. If it had done so, the admissions made during the trial of the rule would certainly have controlled the answers to the interrogatories. If the proceedings had, before it appeared by the sheriff's return that no property of the defendants was to be found, offered any exception to the Bank, it was one which was susceptible of being waived, and was so by not having been made below. On the merits, it is useless to repeat the reasoning by which we arrived at the conclusion on which our judgment in the preceding case' was based. In both cases it is evident that the Bank were debtors to the defendants, in sums immensely exceeding the judgments obtained against the Insurance Company.

*Judgment affirmed.*

---

In the cases of *William Martin* v. *George S. Miller and another, Philip Vidichi* v. *Charles Guesnard,* and *The Exchange and Banking Company of New Orleans* v. *Daniel Treadwell Walden,* from the Parish Court of New Orleans; and of *Sidle and another* v. *Charles A. Luzemberg, John Spears* v. *William N. Martin, Benjamin Florance* v. *James C. Parker and others,* and *John Kellar* v. *John Maddin and another,* from the Commercial Court of New Orleans, the judgments of the courts below were affirmed, on appeal, in New Orleans, during the period embraced by this volume, with damages in each case as for a frivolous appeal.